# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **ELIAS LATOUR,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**DESERET FIRST CREDIT UNION, a Utah corporation,**<br><br>　　　　**Defendant.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:19-cv-00450-JNP-PMW**<br><br>**District Judge Jill N. Parrish**<br><br>**Chief Magistrate Judge Paul M. Warner** |

　　　　District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are (1) Defendant Deseret First Credit Union's ("Defendant") motion to dismiss[2] and (2) Plaintiff Elias Latour's ("Plaintiff") motion for summary judgment.[3]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions based upon the written memoranda.  *See* DUCivR 7-1(f).

---

[1] *See* ECF no. 10.

[2] *See* ECF no. 2.

[3] *See* ECF no. 9.

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND[4]

The following facts are taken from Plaintiff's complaint and the document referenced in and attached to Plaintiff's complaint.[5] On or about October 4, 2018, Plaintiff opened a checking account with Defendant.[6] Plaintiff also applied for a credit card.[7] Plaintiff then received a Notice of Action Taken and Statement of Reasons from Defendant ("Notice of Action"), which is attached to Plaintiff's complaint.[8] The Notice of Action informed Plaintiff that his application for credit was denied.[9] The Notice of Action stated that "[c]redit report data" was the principal

---

[4] Because Defendant's motion to dismiss is dispositive of this case, the court recites the factual background for purposes of a motion to dismiss. In other words, the court assumes all of the allegations in Plaintiff's complaint are true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] Although the court typically considers only a complaint and its allegations in deciding a motion to dismiss, the court may also consider documents that are attached to the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.").

[6] *See* ECF no. 1 at 2.

[7] *See id*.

[8] *See id*. at 2-3.

[9] *See id*.

reason for credit denial.[10] The Notice of Action explains that the "credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency."[11]

Based upon those facts, Plaintiff filed this lawsuit against Defendant under the Equal Credit Opportunity Act ("ECOA").[12] Plaintiff concedes that he received the Notice of Action regarding his credit denial and the stated reason for such denial but alleges that the reason stated is insufficient under the law.[13]

Defendant filed a motion to dismiss this action.[14] Plaintiff did not respond to the motion to dismiss; however, Plaintiff filed a motion for summary judgment.[15]

## LEGAL STANDARDS

### I. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh

---

[10] *Id*. at 3.

[11] *Id*.

[12] *See id*. at 2.

[13] *See id*.

[14] *See* ECF no. 2.

[15] *See* ECF no. 9.

potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted). "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

In conducting the analysis of Defendant's motion, the court is mindful that Plaintiff is proceeding pro se in this case and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Bellmon*, 935 F.2d at 1110; *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the

4

>plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

## II. Motion for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the court "view[s] the facts in the light most favorable to the nonmovant and draw[s] all reasonable inferences in the nonmovant's favor." *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015).

## ANALYSIS

### I. Defendant's Motion to Dismiss

As an initial matter, the court notes that Plaintiff failed to respond to Defendant's motion to dismiss. Based upon that failure alone, the court could recommend that Defendant's motion be granted. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice."). Even putting that aside, when the court considers the merits of Defendant's motion, the court concludes that it should be granted.

As noted above, Plaintiff concedes that he received the Notice of Action regarding his credit denial and the stated reason for such denial but argues that the reason stated is insufficient under the law. That argument fails.

After receipt of a completed credit application, the ECOA requires that a creditor notify the applicant of its action within thirty (30) days. *See* 15 U.S.C. § 1691(d)(1). If an adverse

5

action is taken, the applicant is entitled to a statement of reasons for the adverse action.  *See id*. § 1691(d)(2).  A statement of reasons must contain the specific reasons for the adverse action taken.  *See id*. § 1691(d)(3).  The ECOA regulations provide that "[t]he statement of reasons for adverse action . . . must be specific and indicate the principal reason(s) for the adverse action." 12 C.F.R. § 1002.9(b)(2).  While a creditor must provide the principal reason for an adverse action, "[a] creditor need not describe how or why a factor adversely affected an applicant." Consumer Financial Protection Bureau, Comment for 1002.9 – Notifications, Paragraph 9(b)(2) at ¶ 3.[16]  For example, as the principal reason for an adverse action, "the notice may say 'length of residence' rather than 'too short a period of residence.'"  *Id*.

      Additionally, the Tenth Circuit has held that strict adherence to the letter of the ECOA is not necessary when the facts or circumstances of a particular claim would do nothing to advance the basic purpose of the ECOA.  *See Thompson v. Galles Chevrolet Co.*, 807 F.2d 163, 168 (10th Cir. 1986).  In affirming the decision of the district court, the *Thompson* court quoted with approval the district court's statement that "[t]he purpose of the [ECOA] is to eliminate discrimination in credit transactions on the basis of race, color, religion, national origin, sex, marital status or age."  *Id*. at 166 (citing 15 U.S.C. § 1691(a)).  The *Thompson* court further explained that it "must not blindly apply the regulatory scheme" of the ECOA "so as to ignore reason."  *Id*. at 168.

      In this case, Defendant denied Plaintiff's application for credit.  Defendant provided Plaintiff with the Notice of Action in a timely fashion, and the Notice of Action stated the

---

[16] This Comment can be found at https://www.consumerfinance.gov/policy-compliance/rulemaking/regulations/1002/Interp-9/ (last visited Feb. 25, 2020).

principal reason for credit denial.  The principal reason for Defendant's decision to deny credit was a review of Plaintiff's credit report data.  Defendant stated "[c]redit report data" as the principal reason for adverse action.[17]  Notably, the denial was based on Plaintiff's credit report data, not the applicant's raw credit score.  As indicated above, Defendant was not obligated to describe how or why a factor adversely affected Plaintiff.  Defendant was simply required to state the principal reason for denial, without explanation, which it did.  Therefore, as a matter of law, Plaintiff's claim fails to state a claim upon which relief may be granted.

Furthermore, Plaintiff failed to assert claims of discrimination in credit based upon race, color, religion, national origin, sex, marital status, or age.  Thus, Plaintiff's action does not advance the basic purpose of the ECOA.  *See Thompson*, 807 F.2d at 166-168.

For the foregoing reasons, the court concludes that Defendant's motion to dismiss should be granted.

## II.     Plaintiff's Motion for Summary Judgment

As an initial matter, the court notes that Plaintiff's motion for summary judgment fails to comply with Rule 56-1 of the Rules of Practice for the United States District Court for the District of Utah.  That rule requires a motion for summary judgment to include an Appendix of Evidence, as well as "[a] concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law." DUCivR 56-1(b)(3).  It also requires the moving party to "cite with particularity the evidence in the Appendix of Evidence that supports each factual assertion." *Id*.  Plaintiff's motion includes neither an Appendix of Evidence nor the

---

[17] ECF no. 1 at 3.

concise statement of undisputed material facts. In fact, Plaintiff's motion fails to provide any statement of facts or cite to any evidence. Instead, Plaintiff simply alleges that "[t]he facts of the matter are not in dispute."[18] Based upon Plaintiff's failure to comply with Rule 56-1, the court could recommend that his motion for summary judgment be denied. *See, e.g.*, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'") (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). Nevertheless, when the court considers the merits of Plaintiff's motion, the court concludes that it should be denied.

Even if the court presumes that the facts set forth in Plaintiff's complaint are undisputed, the foregoing analysis of Defendant's motion to dismiss demonstrates that Plaintiff is not entitled to judgment as a matter of law. Accordingly, Plaintiff's motion for summary judgment should be denied.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss[19] be GRANTED, and Plaintiff's motion for summary judgment[20] be DENIED. IT IS FURTHER RECOMMENDED that this action be DISMISSED WITH PREJUDICE.

---

[18] ECF no. 9 at 1.

[19] *See* ECF no. 2.

[20] *See* ECF no. 9.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 26th day of February, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge